UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY M. HAMMER,

Plaintiff,

-against-

ROBERT HAMMER,

Defendant.

26-CV-9805 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jeffrey M. Hammer, a resident of Nassau County, brings this *pro se* action under the court's diversity and federal question jurisdiction. He alleges that, in Nassau County, Defendant disposed of Plaintiff's personal property that was damaged during Hurricane Sandy, even though the property was still salvageable and able to be sold. Attachments to the complaint also suggest that the dispute between the parties concerns the ownership of certain real property located in Nassau County. Plaintiff names Robert Hammer as Defendant and provides a mailing address for him in Australia.

For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), unless otherwise provided by law, a federal civil action may be brought in a United States District Court for:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), a "natural person" resides in the judicial district where the person is domiciled. *See* 28 U.S.C. § 1391(c)(1).

Plaintiff alleges that his personal property, which was stored in a house in Nassau County, was damaged during Hurricane Sandy and that Defendant—without Plaintiff's consent—disposed of Plaintiff's personal property even though it could have been sold. Attachments to the complaint also indicate that ownership of the house in Nassau County may be subject to dispute. The complaint indicates that Defendant resides in Australia. Because Plaintiff does not indicate that Defendant is domiciled in this judicial district, and because Plaintiff alleges that all salient events occurred in Nassau County, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(1) or (2).

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Nassau County, and the property in dispute is located there, which is in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and, in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 16, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge